JACKSONWHITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
(480) 464-1111
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:    Michael R. Pruitt, No. 011792
       mpruitt@jacksonwhitelaw.com
       Nathaniel Hill, No. 028151
       nhill@jacksonwhitelaw.com

## IN THE UNITED STATES DISTRICT COURT,

## DISTRICT OF ARIZONA

| | |
|---|---|
| SAL CAREAGA, filing individually and on behalf of all others similarly situated; JOSHUA BERRY, filing individually and on behalf of all others similarly situated; and AMANDA COLLINS, filing individually and on behalf of all others similarly situated;<br><br>Plaintiffs<br><br>vs.<br><br>GODADDY.COM, L.L.C., a foreign limited liability company;<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**The Fair Labor Standards Act, 29 U.S.C. § 201**<br><br>**FLSA Collective Action**<br><br>**(Jury trial requested)** |

Plaintiffs, Sal Careaga, Joshua Berry and Amanda Collins (f/k/a Amanda Baldwin), filing as individuals and on behalf of all other similarly situated current and former employees of GoDaddy.Com, L.L.C. ("GoDaddy"), by and through their undersigned counsel, for their Complaint allege as follows:

## **JURISDICTIONAL ALLEGATIONS**

1.      This action arises from the illegal employment actions of Defendant GoDaddy under the statutes of the United States involving violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.      As this matter arises under federal statute, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.      As provided for by the FLSA, 29 U.S.C. § 216(b), this action is brought by each of the  Plaintiffs individually and as a collective action brought on behalf of all current and former similarly situated employees of Defendant GoDaddy.

4.      GoDaddy is a covered employer and enterprise subject to the provisions of the FLSA since it is involved in interstate commerce and generates annual revenue in excess of $500,000.

5.      During the relevant time period, Plaintiffs were employees of GoDaddy covered by the provisions and protections contained in the FLSA.

6.      Plaintiffs' job duties were such that they were engaged in interstate commerce as defined by the FLSA.

7.      Venue is appropriate to this court because most or all of the acts alleged herein occurred within the geographic region covered by this District in the State of Arizona, and GoDaddy conducts significant business operations within this District.

## PARTIES

8.     GoDaddy is a foreign limited liability company registered with the Arizona Corporation Commission.

9.     GoDaddy has multiple facilities in the Phoenix, Arizona metropolitan area.

10.     GoDaddy conducts business and has clients throughout the entire United States.

11.     All Plaintiffs worked in the department of Go Daddy referred to or known as the Website Design Department.

12.     Plaintiffs and all other similarly situated GoDaddy employees worked at the same GoDaddy facility.

13.     Plaintiffs and all other similarly situated GoDaddy employees were supervised and managed under one common system and set of policies.

14.     Plaintiffs and all other similarly situated GoDaddy employees performed their duties pursuant to a common set of department policies and procedures.

15.     Plaintiffs and all other similarly situated GoDaddy employees were compensated according to one standardized system.

16.     During some or all of the time period relevant to this lawsuit, Plaintiff Sal Careaga has been employed by GoDaddy in the position of Web Builder.

17.     At all times relevant hereto, Plaintiff Sal Careaga was a resident of Maricopa County in the State of Arizona.

18.     During some or all of the time period relevant to this lawsuit, Plaintiff Joshua Berry has been employed by GoDaddy as an Account Manager and as a Project Leader.

19.     At all times relevant hereto, Plaintiff Joshua Berry was a resident of Maricopa County in the State of Arizona.

20.     During some or all of the time period relevant to this lawsuit, Plaintiff Amanda Collins, f/k/a Amanda Berry, has been employed by GoDaddy as a Web Builder.

21.     At all times relevant hereto, Plaintiff Amanda Collins, f/k/a Amanda Berry, was a resident of Maricopa County in the State of Arizona.

22.     Plaintiffs did not possess knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

23.     Pursuant to 29 U.S.C. § 216(b), each of the Plaintiffs is filing this collective action as an individual and on behalf of all other similarly situated current and former GoDaddy employees working in the positions referred to or described during the relevant time period as Web Builder, Account Manger and Project Leader.

24.     Plaintiffs intend to seek an order from this court providing notice to all other similarly situated current and former employees performing the functions known or referred to as Web Builder, Account Manager and Project Leader of the pendency of this action and their right to opt-in and join this lawsuit pursuant to the provisions of 29 U.S.C. § 216(b).

25.     Plaintiffs' written consent forms acknowledging their desire to join this lawsuit are attached herein as Exhibit "1."

## BACKGROUND FACTS

26.     Under the FLSA, 29 U.S.C. § 207, covered employees are required to receive overtime wages at a rate of at least 1½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

27.     Defendant GoDaddy classified Plaintiffs and all other  similarly situated GoDaddy employees working in the positions of Web Builder, Account Manger and Project Leader as exempt employees ineligible for overtime wages.

28.     As described more fully herein, the duties of Plaintiffs and all other similarly situated GoDaddy employees working in the positions of Web Builder, Account Manager and Project Leader are such that they do not rightly qualify for any exemption to the payment of overtime wages contained in the FLSA and should receive overtime wages for any hours worked in excess of forty hours during a workweek.

29.     GoDaddy's classification of Plaintiffs and all other similarly situated GoDaddy employees working in the positions of Web Builder, Account Manager and Project Leader as exempt from the payment of overtime wages is a violation of the FLSA.

30.     Plaintiffs have direct personal knowledge through interacting with other similarly situated employees, supervisors and managers that it was the department policy and practice to expect and require Plaintiffs and all other similarly situated employees to work in excess of 40 hours each workweek.

31.     Plaintiffs and all other similarly situated current and former employees frequently worked well in excess of forty hours during a workweek without receiving overtime compensation.

32.     The FLSA requires employers to keep accurate records related to compensation and hours worked by all non-exempt covered employees.

33.     Defendant GoDaddy willfully and knowingly failed to maintain a full record and accounting of the number of hours worked by Plaintiffs and all other similarly situated GoDaddy employees in violation of the record keeping requirements of the FLSA.

34.     This collective action is brought to recover unpaid overtime wages, liquidated damages, interest, attorneys' fees and all other penalties owed and available to Plaintiffs and all other similarly situated current and former GoDaddy employees.

35.     GoDaddy is a large corporation that provides numerous Internet related products and services including domain name registration and website hosting.

36.     GoDaddy customers can obtain website hosting from GoDaddy either online or through customer service representatives.

37.     If a customer does not have an existing website design, GoDaddy provides a service that allows the customer to design and build his own website.

38.     This service is currently known as "Website Builder."

39.     Based on need, the customer can purchase either a personal or business Website Builder package with specific website hosting and file storage options and capacities along with access to numerous off the shelf design themes and templates.

40.     GoDaddy describes Website Builder as "easy to use" and that it allows the customer to build a "professional site simply" by selecting from "hundreds" of "customizable designs."

41.     GoDaddy also states that with Website Builder the customer can build a website "with ease" and that you can "point and click your way to a winning site" with "no experience required."

42.     GoDaddy implements Website Builder through the Website Design Department.

43.     After the customer purchases a Website Builder package, he chooses a customizable design template and performs cut and paste operations to insert headings, titles and any text he has generated along with pictures and logos.

44.     The customer is also given access to a set of stock pictures and illustrations that he can use to create his website.

45.     If the customer needs to generate something such as a logo or illustration, he is directed to a graphic artist who charges an additional fee.

46.     In early 2013, GoDaddy created the exempt positions of Web Builder, Account Manager and Project Leader to perform functions previously handled by hourly workers eligible for overtime wages.

47.     The duties of the employees in these three positions are primarily to verify functionality and compatibility of the websites created by each customer using Website Builder.

48.      The Account Manager is responsible for gathering and reviewing the content, design and information generated by the customer. The position also responds to telephone calls and e-mails regarding questions on how to use Website Builder and handles other customer issues such as missing content.

49.     After passing review, the Account Manager sends the customer content and information to the Project Leader.

50.     The Project Leader is responsible for reviewing the customer material received from the Account Manager for compatibility issues and file size. When all issues, if any, have been resolved, the Project Leader organizes the information and sends it the Web Builder.

51.     The Web Builder is responsible for building the website according to the customer design information received from the Project Leader. He then verifies proper operation of the pages and links on the website and loads the files and content onto a host server allowing access to the customer website over the Internet.

52.     Plaintiffs and all other similarly situated GoDaddy employees perform their duties according to standardized policies and clearly defined procedures.

53.     As described herein, the duties of the Web Builder, Account Manager and Project Leader positions do not involve managing the enterprise or a department or subdivision of the enterprise.

54.     The Web Builder, Account Manager and Project Leader positions do not customarily and regularly direct the work of two or more other full time employees or their equivalent.

55.     The Web Builder, Account Manager and Project Leader positions do not have authority to hire or fire other employees.

56.     The Web Builder, Account Manager and Project Leader positions do not make suggestions and recommendations given any particular weight as to the hiring, firing, advancement, promotion or other change of status of other employees.

57.     The Web Builder, Account Manager and Project Leader positions do not rightly qualify for the FLSA's executive exemption from the payment of overtime wages.

58.     As described herein, the functions performed by the Web Builder, Account Manager and Project Leader positions are an indispensable part of the production and marketplace offering of the Website Design Department and do not involve the performance of office or non-manual work directly related to the management or general business operations of GoDaddy or the customers of GoDaddy.

59.     As described herein, the duties of the Web Builder, Account Manager and Project Leader positions do not involve the exercise of discretion and independent judgment with respect to matters of significance.

60.     The Web Builder, Account Manager and Project Leader positions do not rightly qualify for the FLSA's administrative exemption from the payment of overtime wages.

61.     As described herein, the duties of the Web Builder, Account Manager and Project Leader positions do not require the consistent exercise of discretion and judgment or knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

62.     The Web Builder, Account Manager and Project Leader positions do not rightly qualify for the FLSA's learned professionals exemption from the payment of overtime wages.

63.     The duties of the Web Builder, Account Manager and Project Leader positions are not those of a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker.

64.     The Web Builder, Account Manager and Project Leader positions do not rightly qualify for the FLSA's computer professional exemption from the payment of overtime wages.

JACKSONWHITE
ATTORNEYS AT LAW

65.     GoDaddy exercised centralized control over the wages, hours and working conditions of Plaintiffs and all other similarly situated GoDaddy employees.

66.     This collective action arises from an ongoing illegal and improper scheme by GoDaddy to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay Plaintiffs and all other similarly situated GoDaddy employees the overtime wages legally due them.

67.     Plaintiffs, on behalf of themselves and all other similarly situated GoDaddy employees, allege that GoDaddy knowingly and willfully violated, and continues to violate, the provisions of the FLSA by falsely and improperly claiming that Plaintiffs and all other similarly situated GoDaddy employees are exempt from the overtime wage provisions of the FLSA.

68.     GoDaddy knows or should have known that its policies regarding the payment of overtime wages as described herein violates the FLSA.

69.     The actions of Defendant GoDaddy in violating the provisions of the FLSA were not taken in good faith and GoDaddy does not have a reasonable basis for believing that its overtime provisions related to the positions of Web Builder, Account Manager and Project Leader did not violate the FLSA.

70.     All decision(s) regarding whether or not to pay overtime wages to Plaintiffs and all other similarly situated GoDaddy employees were made with the knowledge, approval and at the direction of GoDaddy's ownership and/or management.

71.     On information and belief, the decision of Defendant GoDaddy to classify Plaintiffs and all other similarly situated employees as exemption from the payment of overtime wages was not taken after legal consultation or in response to a United States Department of Labor audit.

72.     The illegal policies and practices described herein are part of a centralized policy, practice and scheme developed and orchestrated by GoDaddy and its ownership and management.

73.     As an employer, GoDaddy is responsible for the illegal conduct and policies described herein related to the failure to comply with the provisions of the FLSA.

74.     The actions of GoDaddy in deliberately failing to pay Plaintiffs and all other similarly situated GoDaddy employees the overtime wages rightfully due them was done for the purpose of enriching and benefitting GoDaddy and its owners. As a result, Plaintiffs and all other similarly situated GoDaddy employees have suffered economic damages.

75.     As a collective action, all other similarly situated GoDaddy employees may join this lawsuit by filing consent to join forms with the Court.

76.     As appropriate, Plaintiffs reserves the right to amend and supplement the definition of the class of similarly situated employees as information is disclosed and uncovered through future discovery.

**COUNT 1**
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

77.     All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

78.     Plaintiffs and all other similarly situated GoDaddy employees performing the functions of Web Builder, Account Manager and Project Leader are covered employees subject to the overtime wage provisions of the FLSA as outlined in 29 U.S.C. § 207.

79.     Plaintiffs and all other similarly situated current and former GoDaddy employees performing the function of Web Builder, Account Manager and Project Leader do not rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

80.     Plaintiffs and all other similarly situated GoDaddy employees routinely worked, and continue to work, in excess of forty hours during their workweek without receiving overtime compensation in violation of the FLSA.

81.     Plaintiffs and all other similarly situated current and former GoDaddy employees were and continue to be legally entitled to receive overtime compensation at a rate of one and one-half (1 ½) times their regular hourly wage for any hours worked in excess of forty hours in a workweek.

82.     As a result of the illegal and improper policy of GoDaddy regarding the payment of overtime wages, Plaintiffs and all other similarly situated employees have suffered economic damages in an amount to be proved at trial.

83.     The policy of GoDaddy to not pay overtime wages to Plaintiffs and all other similarly situated GoDaddy employees was willful, entitling Plaintiffs and all other similarly situated to recover damages for the three years preceding the date at which they joined this action as provided for by the FLSA and 29 U.S.C. § 255(a).

84.     As provided for by the FLSA, GoDaddy is liable to Plaintiffs and all other similarly situated collective action members for liquidated damages in an amount equal to their economic damages

85.     As provided for by the FLSA, GoDaddy is liable to Plaintiffs and all similarly situated collective action members for their reasonable attorneys' fees and costs.

86.     As a result of violating the FLSA, GoDaddy is also liable to Plaintiffs and all similarly situated collective action members for all other relief and damages as provided for by law.

**WHEREFORE,** Plaintiffs individually and on behalf of all other similarly situated GoDaddy employees request that this Court enter judgment in their favor and against the Defendant as follows:

A.     Declare and certify that this action can proceed as a collective action by Plaintiffs on behalf of all other similarly situated current and former GoDaddy employees;

B.     Issue an Order that notice of this collective action be sent to all other similarly situated current and former GoDaddy employees at any time during the period starting three years prior to the filing of this lawsuit through the present informing them of the opportunity to join this collective action through the filing of consent to join forms with the Court;

C.     Declare that Plaintiffs and all other similarly situated GoDaddy employees who join this collective action were and are legally entitled to collect overtime wages and that the policy of GoDaddy to not pay overtime  wages to Plaintiffs and all other similarly situated current and former GoDaddy employees was, and continues to be, illegal and a violation of the FLSA;

D.     Declare that the actions of GoDaddy in failing to pay overtime wages to Plaintiffs and all other similarly situated GoDaddy employees was willful and that therefore a three year statue of limitations should apply to Plaintiffs and all other similarly situated employees for the purpose of collecting the overtime wages due them;

E.     Enter a judgment against GoDaddy in an amount to be proved at trial as compensation to Plaintiffs and those similarly situated employees who join this collective action seeking the overtime wages GoDaddy withheld in violation of the FLSA;

F.     Declare that Plaintiffs and those similarly situated employees who join this collective action are entitled to all relief and remedies available to them under the FLSA including all lost compensation and benefits, liquidated damages and attorneys' fees and costs;

G.     Award Plaintiffs and those similarly situated employees who join this collective action interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

H.     Award Plaintiffs and those similarly situated employees who join this collective action prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

I.     That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require GoDaddy to file such reports as the Court deems necessary to evaluate such compliance; and

J.     For such other and further relief as this Court deems just and proper.

1

**DATED** this 9th day of July, 2015.

2

**JACKSON WHITE**

3

 s/ Michael R. Pruitt

4

By:     Michael R. Pruitt, No. 011792

5

          Nathaniel Hill, No. 028151

6

40 North Center Street, Suite 200

Mesa, Arizona 85201

7

Attorneys for Plaintiffs

8

F:\ABC\Careaga, Sal\Pleadings\Complaint6.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26